**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2940

_____

SHARON M. JAMES,
                                    Appellant
v.

UNITED STATES OF AMERICA; CIRCUIT CHIEF JUDGE MICHAEL A.
CHAGARES; CIRCUIT JUDGE KENT A. JORDAN, HON. PATTY SHWARTZ;
HON. COLM F. CONNOLLY; HON. RICHARD G. ANDREWS; JOHN A. CERINO;
HON. MARYELLEN NOREIKA

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:24-cv-00942)
District Judge: Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2026
Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: May 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sharon M. James, proceeding *pro se* and *in forma pauperis* ("IFP"), appeals from the United States District Court for the District of Delaware's ("the District Court's") order dismissing her complaint with prejudice. Because we agree that James' claims lack a plausible legal basis and are barred by immunity, we will affirm.

James filed an IFP complaint, alleging constitutional and civil rights claims against several judges of this Court and one judge in the District Court ("the Judicial Defendants"), the United States, and the District Court Clerk of Court, and seeking injunctive and declaratory relief. These claims stem from James' belief that her prior employment discrimination litigation, spanning multiple cases and several years, was corrupted by a "fraud upon the court" and a conspiracy among the judiciary.[1] ECF No. 1 at 10. After the Judicial Defendants filed a motion to dismiss, the District Court dismissed the complaint with prejudice, holding that the Judicial Defendants are entitled to absolute immunity and that James' claims were largely an attempt to relitigate matters already adjudicated and based on an implausible predicate.[2] James appeals.

---

[1] James later submitted a document entitled "Amended Complaint" in which she also listed Judge Noreika, the District Judge presiding over her case, as an additional defendant and complained of, *inter alia*, actions taken by Judge Noreika in this and other litigation. To the extent that that document was an attempt to file an amended complaint, the District Court appears to have implicitly disallowed it.

[2] The District Court also ruled on several motions that James had filed. Because James does not challenge those rulings in her brief, we do not consider them except to the extent that her arguments regarding recusal, *see infra*, touch on them. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (holding claims forfeited where no support provided in brief or reply.).

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the dismissal. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Even under the liberal construction afforded to *pro se* litigants, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013), James' allegations fail to state a claim upon which relief can be granted.[3]

James sought relief from prior judgments by alleging that the Judicial Defendants committed "fraud upon the court." ECF No. 1 at 10. To the extent that she presented an independent action alleging fraud on the court, she faced a "demanding standard . . . requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). James' allegations do not meet this threshold. Among other things, some of her allegations related to the purported fraud are too conclusory to state a claim and, as the District Court explained, all arise from an implausible claim that her lack of success in earlier litigation is the result of a far-reaching years-long conspiracy among judges of two courts and other government officials.[4] *See Bell Atl.*

---

[3] To the extent James raises new claims for the first time on appeal, we will not consider them. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

[4] To the extent that James sought to bring a claim for conspiracy, her implausible allegations fell short to state a claim for that, too. In the judicial context, a "conspiracy cannot be found from allegations of judicial error, *ex parte* communications . . . or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. Supreme Ct. of New Jersey,* 588 F.3d 180, 184–85 (3d Cir. 2009) (citation omitted).

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint must include "more than labels and conclusions").

James is not eligible for injunctive or declaratory relief that she seeks against the Judicial Defendants. Although "absolute judicial immunity extends only to claims for damages," *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. James has not asserted facts to show that either of these exceptions applies. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (holding that injunctive relief is available in this context only if a declaratory decree was violated, or if declaratory relief is unavailable). A judicial act or omission is still taken in a judicial capacity even "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). James has not alleged any facts suggesting the Judicial Defendants acted outside this broad scope.[5]

Similarly, James' claims against the District Court Clerk were properly dismissed because he is entitled to absolute quasi-judicial immunity for the acts that James

---

[5] Insofar as James contends the District Court abused its discretion or violated her right to due process by deciding this matter on the papers and not holding a hearing, her arguments are without merit. The Federal Rules of Civil Procedure anticipate motions practice at the outset of an action that may weed out claims. *See, e.g.*, Fed. R. Civ. P. 12(b)(6). Additionally, district courts have an obligation to screen IFP complaints. *See* 28 U.S.C. § 1915(e)(2).

4

described, including mailing letters, providing copies of filings, and managing case transfers. Court personnel, such as clerks, enjoy quasi-judicial immunity when performing tasks like these that are an integral part of the judicial process. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772–73 (3d Cir. 2000); *see also Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011).

James further contends that Judge Maryellen Noreika, who presided over this matter in the District Court, was required to recuse herself under to 28 U.S.C. § 455(a) due to a "professional relationship" with Chief Judge Colm F. Connolly. C.A. Doc 12 at 24. Specifically, James argues that Judge Connolly acted as Judge Noreika's "direct supervisor," creating an inherent conflict. *Id*. Therefore, James claims Judge Noreika lacked jurisdiction over the matter, rendering her rulings void. *Id*. This argument is based on a fundamental misunderstanding of the federal judiciary. A chief judge is first among equals, serving an administrative role, rather than having hierarchical or supervisory authority over judicial decisions of colleagues. *See, e.g.,* 28 U.S.C. §§ 136, 137 (defining a chief judge's role as administrative, rather than granting any power to review or overrule fellow district court judges). Consequently, this relationship did not require her recusal, and James does not appear to raise, and we do not discern, any other basis for recusal. *See, e.g.*, *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt.*, *LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (noting that adverse rulings are insufficient evidence of judicial bias).

5

Insofar as James has raised any claims against the United States,[6] they are barred by sovereign immunity, as the United States has not consented to be sued for these judicial activities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

Accordingly, we will affirm the judgment of the District Court.[7] James' requests in her "objection to participation of disqualified appellate judges" are denied as moot without prejudice to James' renewing her requests if she seeks rehearing. C.A. Doc No. 18. We also deny each of James' remaining pending motions and requests.[8]

---

[6] While James lists the United States as a defendant, she does not explicitly state a claim against the United States in her complaint. *See generally*, ECF No. 1.

[7] To the extent that James submitted, and the District Court disallowed, an amended complaint, we discern no error where James had not sought leave to file it. *See* Fed. R. Civ. P. 15. In any event, it was not a document that corrected the pleading deficiencies in her initial complaint.

[8] Comprising, *inter alia*, her motions for change of venue and motion to strike Appellees' brief.